IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT L. LAPRADE, JR.,           ) | |
|                                                           ) | |
|         Plaintiff,                               ) | |
|                                                           ) | |
| v.                                                   ) | CIVIL ACTION NO. 2:05CV667-SRW |
|                                                           ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security,                        ) | |
|                                                           ) | |
|         Defendant.                         ) | |

**MEMORANDUM OPINION AND ORDER**

On February 14, 2006, on motion of the Commissioner, this court reversed the Commissioner's decision and remanded this case for further proceedings. Thereafter, the Commissioner awarded plaintiff benefits and withheld $22,600.00 from past-due benefits for payment of attorney's fees. From this amount, the Commissioner authorized payment of $7,000.00 to plaintiff's counsel for work performed at the administrative level. Plaintiff now seeks authorization from this court, pursuant to 42 U.S.C. § 406(b), to charge her client $15,600.00 for 15 hours of work before this court.[1]

---

[1] 42 U.S.C. 406(b) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." <u>Id</u>. at 807. The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered." <u>Id</u>.

The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). (<u>See</u> Agreement attached to Doc. # 25). The award requested by counsel equals the amount remaining in the 25 percent of past-due benefits withheld by the Commissioner, after the Commissioner's award of fees. The Commissioner objects to the requested award, arguing that an hourly rate of $1,040.00 is unreasonable and constitutes and "a windfall to counsel." (Commissioner's response to petition, p. 3). The court must determine whether the amount of fees sought pursuant to the contingency fee agreement is reasonable. <u>Gisbrecht</u>, 535 U.S. at 808.

In <u>Gisbrecht</u>, the Court noted that if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." 535 U.S. at 808. Plaintiff's counsel, who bears the burden of establishing reasonableness of the

requested fee, has not provided the court with evidence of her usual hourly rate for non-contingent fee work.

The court concludes that the requested award is not reasonable in light of the issues presented and the amount of work expended before this court by counsel.  In view of the record before the court in this particular action, a downward adjustment of the fee sought by the amount of $8,500.00 renders an award which does not result in a windfall to counsel, but which largely preserves the benefit of her contingent fee agreement and reasonably compensates counsel for her work before this court.

Accordingly, it is

ORDERED, pursuant to 42 U.S.C. § 406(b), that the petition for attorney's fees (Doc. # 19) is GRANTED to the extent that the Commissioner is DIRECTED to pay to plaintiff's attorney the amount of $7,100.00 from plaintiff's withheld past due benefits.

It is further ORDERED that plaintiff's counsel is DIRECTED to refund to plaintiff the amount of $2,353.05, the amount previously paid to counsel by the Commissioner under the Equal Access to Justice Act.

DONE, this 20th day of October, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE